(No. 58053.— )

RICHARD CONNER, Appellant, v. COPLEY PRESS, INC., *et al.*, Appellees.

*Opinion filed January 20, 1984.*

Wayne B. Giampietro and Katherin A. Koenig of De-Jong, Poltrock & Giampietro, of Chicago, for appellant.

Barry O. Hines of Barber, Hall, Segatto & Hoffe, of Springfield, for appellees.

JUSTICE WARD delivered the opinion of the court:

On April 24, 1978, the plaintiff, Richard Conner, filed a defamation action in the United States District Court

for the Southern District of Illinois against Copley Press, Inc. and Kitty Behof. The plaintiff's complaint was timely filed within the one-year period of the statute of limitations for such actions (Ill. Rev. Stat. 1977, ch. 83, par. 14). On October 4, 1978, the district court dismissed the plaintiff's action for lack of subject matter jurisdiction because it found that no diversity of citizenship existed between the parties.

On December 14, 1978, the plaintiff filed a complaint with the same allegations of defamation in the circuit court of Sangamon County. The defendants moved to dismiss the complaint because it was not within one year of the date of the allegedly libelous publication. The court denied the motion to dismiss, holding that section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a) was applicable. The period of limitation was thus extended, giving the plaintiff one year to file a suit from the time of dismissal of the district court action. The defendants were granted an interlocutory appeal to the appellate court under Rule 308 (58 Ill. 2d R. 308) on the issue of the applicability of section 24. The appellate court reversed, holding that section 24, as it provided at the time the State suit was brought, did not cover the district court's dismissal for want of subject matter jurisdiction. (112 Ill. App. 3d 248.) The plaintiff's petition for leave to appeal to this court under Rule 315 was granted. 87 Ill. 2d R. 315.

Section 24 of the Limitations Act, at the time of the plaintiff's filing in the circuit court of Sangamon County, provided:

> "In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for

want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the action is voluntarily dismissed by the plaintiff or the action is dismissed for want of prosecution." Ill. Rev. Stat. 1977, ch. 83, par. 24a.

Section 24 thus allows a plaintiff, whose original action has been dismissed on specified grounds, to file an action again though the statute of limitations has run. If the dismissal was on one of the specified grounds, the statute provides, in effect, a new limitations period which will extend at least one year from the date of the dismissal. Up until 1976, the grounds when section 24 would be applied included when "the plaintiff is nonsuited." (Ill. Rev. Stat. 1975, ch. 83, par. 24a.) In 1964, this court interpreted the term "nonsuited" to extend to a plaintiff whose case was dismissed by a United States District court on the ground of lack of jurisdiction. (*Roth v. Northern Assurance Co. Ltd.* (1964), 32 Ill. 2d 40.) In 1976, section 24 was amended. The ground "the plaintiff is nonsuited" was stricken and "the action is voluntarily dismissed by the plaintiff" was substituted. (Ill. Rev. Stat. 1977, ch. 83, par. 24a.) The change was part of a comprehensive act recommended by the law revision commission to correct statutory conflicts and legislative oversights. (Pub. Act 79—1358 (Aug. 6, 1976), 1976 Ill. Laws 713.) Subsequent to this change to "the action is voluntarily dismissed by the plaintiff," this court, in *dictum*, stated that section 24 "no longer applie[d]" to dismissals from a Federal court for lack of jurisdiction. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 83.) In 1980, the legislature again amended section 24 and made it applicable when "the action is dismissed by a United States District Court for lack of jurisdiction." (Ill. Rev. Stat. 1981, ch. 83, par. 24a.) That section 24 in its

present explicit form is applicable to Federal court dismissals for want of jurisdiction is, of course, completely clear. The issue here, however, is the applicability of the statute in 1978 when the ground relevant here was "the action is voluntarily dismissed by the plaintiff."

The plaintiff contends that Federal court dismissals for lack of jurisdiction were within the scope of section 24 in 1978 because, he says, the authority of *Roth v. Northern Assurance Co. Ltd.* (1964), 32 Ill. 2d 40, continued after the change in language to "voluntarily dismissed" in 1976. He says that "nonsuited" may be equated with "voluntarily dismissed."

The defendants argue that the 1976 amendment substantially changed section 24, because the term "nonsuit" is not equivalent to "voluntary dismissal." Thus, they argue, the *Roth* interpretation of section 24 was no longer valid, and Federal dismissals for want of jurisdiction were not included in the statute until specifically provided for in the 1980 amendment.

In *Roth v. Northern Assurance Co. Ltd.* (1964), 32 Ill. 2d 40, upon which the plaintiff relies, this court held that section 24's provision relating to "nonsuit" included dismissals for want of jurisdiction. The court adopted the reasoning of *Sachs v. Ohio National Life Insurance Co.* (7th Cir. 1942), 131 F.2d 134, in which the Court of Appeals for the Seventh Circuit considered the applicability of section 24. This court quoted from the *Sachs* holding: " '*** [i]n both common law nonsuit and dismissal for want of jurisdiction the order is due to some defect in the procedure or proof which prevents a trial on the merits. *** and it is illogical to assume that the legislature meant to prevent hardship in the case of a nonsuit, but not in that of dismissal for want of jurisdiction. ***' " (*Roth v. Northern Assurance Co. Ltd.* (1964), 32 Ill. 2d 40, 42.) It would appear that this court in *Roth* considered the term "nonsuit" to mean "involuntary dismissal," because what this court

found in common between nonsuits and dismissals for lack of jurisdiction was that both were involuntary in that both involved "defects in procedure or proof." We judge that *Roth* no longer had force after 1976 when the legislature substituted "voluntarily dismissed" for "nonsuited."

The language of the 1976 amendment was plain and clear: "The action is voluntarily dismissed by the plaintiff." The plain meaning of section 24 after the 1976 amendment was that it could be invoked in case of a voluntary dismissal by a plaintiff. Dismissals for lack of jurisdiction are not voluntary dismissals by the plaintiff, but are dismissals by the court on another ground, *viz.*, lack of jurisdiction.

Concerning a statutory provision with language that is plain and clear, this court has observed:

> "The language of a statute must be given its plain and ordinary meaning. 'It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' "
> *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40, quoting *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350.

We consider that "after the action is voluntarily dismissed by the plaintiff" is language that is self-explanatory. We have already noted that this court in *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83, stated, after the change in the language to "voluntarily dismissed by the plaintiff," that section 24 "no longer applie[d]" to dismissals from a Federal court for lack of jurisdiction. This court's statement in *Hupp* was:

> "During the pendency of this case in the appellate

court, the legislature amended section 24 by substituting the words 'the action is voluntarily dismissed by the plaintiff' for the words 'if the plaintiff is nonsuited' (Ill. Rev. Stat. 1977, ch. 83, par. 24a). Consequently, as the statute now reads, its protection would now be unavailable to plaintiff, since his action was nonsuited and not voluntarily dismissed." (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 82.)

This view was also expressed in *O'Brien v. Continental Illinois National Bank & Trust Co.* (7th Cir. 1979), 593 F.2d 54.

Finally, the plaintiff contends that in any event the 1980 amendment should be applied retroactively so as to revive his cause of action. The contention cannot be accepted. This court has held that "an amendment which extends a statute of limitations will not be applied retroactively so as to revive a cause of action which had already been barred by the expiration of the original limitation period," and "[s]ection 24 is, in effect, an extension of the appliable limitation period." *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83; see also *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161; *Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*