(No. 70510.—

JACK DeCLERCK, Appellee, v. GAYLE SIMPSON *et al.*, Appellants.

*Opinion filed August 14, 1991.*

BILANDIC, J., joined by CLARK, J., dissenting.

Jeffrey C. Taylor, of Decatur, and Merry C. Rhoades, of Carbondale, both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., for appellants.

Joseph A. Bartholomew, of Cook, Shevlin, Keefe, Ysursa, Brauer & Bartholomew, Ltd., of Belleville, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Jack DeClerck, filed suit in the circuit court of Christian County alleging that defendants, Gayle Simpson (Simpson) and WAND Television, Inc. (WAND), had broadcast false statements about him. The defendants filed a motion to dismiss based on the statute of limitations (Ill. Rev. Stat. 1987, ch. 110, par. 13—201), which was denied. The circuit court then granted the defendants' application for interlocutory appeal (134 Ill. 2d R. 308). Thereafter, the appellate court affirmed the trial court's decision and remanded the cause for further proceedings. (200 Ill. App. 3d 889.) The defendants' petition for leave to appeal to this court was allowed (134 Ill. 2d R. 315).

The sole issue for review is whether section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) (hereinafter savings statute) is applicable to a case that was initially filed in Federal district court, and later dismissed by that court because of improper venue.

In August 1987, plaintiff, the sheriff of Christian County, originally filed a cause of action in the United States District Court for the Eastern District of Missouri, alleging that, in 1986, the defendants broadcasted libelous statements about him. The complaint also alleged that Simpson and WAND conspired with other defendants to violate his civil rights. On a motion to dismiss for lack of jurisdiction and improper venue, the Federal court, without discussing the jurisdictional issue, dismissed the counts against Simpson and WAND on the basis of improper venue.

Following the dismissal of the Federal action, the plaintiff, on March 30, 1988, filed a complaint in the circuit court of Christian County, Illinois, alleging that defendants Simpson and WAND knowingly broadcasted false statements about him. The defendants then filed a motion to dismiss claiming the alleged defamatory statements had been made more than one year before the filing of the complaint, and therefore, the statute of limitations period (Ill. Rev. Stat. 1987, ch. 110, par. 13—201) had run. The defendants acknowledged that the Illinois Code of Civil Procedure had a savings statute (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), but argued that it did not apply to this case.

In a written opinion, the circuit court judge denied the motion to dismiss on the basis that there had not been an adjudication on the merits in the Federal court, thus the dismissal of the plaintiff's Federal case was involuntary. The judge then held that the savings statute applied, and the cause of action was, thus, not time-barred, as it was filed within one year from the dismissal of the Federal action. Upon the defendants' application, the circuit court certified the question for interlocutory review. (134 Ill. 2d R. 308.) The appellate court then granted the application for interlocutory review and, with one justice dissenting, affirmed the circuit court, finding that the savings statute applied to all cases of involuntary dismissals. 200 Ill. App. 3d 889.

In pertinent part, the savings statute states:

> "[I]f judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, *or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction*, then, whether or not the time limitation for bringing such

action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.)

The instant case can only be "saved" if the plaintiff can show that a dismissal for improper venue fits within the statute.

At the outset it should be noted that the verbiage of the statute must be given its plain and ordinary meaning, and the intention of the legislature is best surmised from the language of the statute. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139.) In order to fully understand the savings statute, a review of its history (and that of its predecessor, Ill. Rev. Stat. 1963, ch. 83, par. 24a) is necessary. This court first interpreted the statute in the case of *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40. The language of the savings statute in effect at the time of *Roth* was as follows:

"In any of the actions specified in any of the sections of this act or any other act or in any contract where the time of commencement of any action is limited, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, *if the plaintiff has heretofore been nonsuited or shall be nonsuited*, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed

or given against the plaintiff, and not after." (Emphasis added.) Ill. Rev. Stat. 1963, ch. 83, par. 24a.

The dispute at issue in *Roth* was whether the savings statute applied to an action that had been filed within one year after the original action was dismissed by a Federal district court for lack of jurisdiction. The court stated that "[t]he plain purpose of section 24 [the savings statute] is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." (*Roth*, 32 Ill. 2d at 48.) Thus, the court held that a Federal court's dismissal of a case for lack of jurisdiction falls within the "nonsuit" provision of the statute.

Following the *Roth* decision, the savings statute was amended so that the clause including the term "nonsuit" was dropped, and replaced with the clause: "*or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution.*" (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 83, par. 24a.) The amended statute was first discussed by this court in *dictum* in *Hupp v. Gray* (1978), 73 Ill. 2d 78.

The discussion of the amended savings statute in *Hupp* was *dictum* because the underlying cause of action arose under the prior statute and the court held that the amendment would not be applied retroactively. Hupp's complaint had been dismissed by the Federal district court for lack of jurisdiction prior to his filing a cause of action in an Illinois circuit court. The court found that the pre-1977 savings statute applied to the case, but that the amended (post-1977) act would not have applied "since his action was nonsuited and not voluntarily dismissed." *Hupp*, 73 Ill. 2d at 82.

This court thereafter reviewed a case under the savings statute, as amended in 1977, in *Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382. In *Conner*, the plaintiff had filed a defamation action against the defendant in

the Federal District Court for the Southern District of Illinois. The court dismissed the case because of lack of subject matter jurisdiction. The plaintiff thereafter filed a complaint, with the same allegations, in the circuit court for Sangamon County. Although the plaintiff's filing in Sangamon County would have been within the allowable period if the savings statute applied, the defendant filed a motion to dismiss. The circuit court denied the motion. (*Conner*, 99 Ill. 2d at 383-84.) On appeal to this court, it was held that the savings statute (as it existed at the time of the lawsuit) would not apply to a case dismissed from Federal court for lack of subject matter jurisdiction. The court further noted that "[d]ismissals for lack of jurisdiction are not voluntary dismissals ***, but are dismissals by the court on another ground, *viz.*, lack of jurisdiction." *Conner*, 99 Ill. 2d at 387.

During the period between *Hupp* and *Conner*, the savings statute was again amended to make the statute applicable when "*the action is dismissed by a United States District Court for lack of jurisdiction.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 83, par. 24a.) (The amended statute did not apply in *Conner* because the underlying cause of action arose prior to 1981.) The instant case presents this court with its first opportunity to review the revised statute. The appellate court in the instant case held that the amendment had the effect of limiting *Conner* and reviving *Roth*. (200 Ill. App. 3d at 893.) The reasoning of the appellate court was stated as follows:

"In the words of Justice Schaefer in *Roth*, 'it is illogical to assume that the legislature meant to prevent hardship in the case of a nonsuit, but not in that of dismissal for want of jurisdiction.' *Roth*, 32 Ill. 2d at 42, 203 N.E.2d at 416.

Substitute 'dismissed in Federal court for lack of jurisdiction' in place of 'nonsuit,' and substitute 'lack of venue' for 'dismissal for want of jurisdiction.' Justice Schaefer's statement then can be read, 'it is illogical to assume that the legislature meant to prevent hardship in the case of [dismissal in Federal court for lack of jurisdiction], but not in that of dismissal for [lack of venue].' That reading does no damage to the fabric of the statute." 200 Ill. App. 3d at 893.

The appellate court's reliance on *Roth*, and its free substitution of terms in Justice Schaefer's statement, are misplaced. As has been noted earlier in this opinion, the savings statute as it existed when *Roth* was decided utilized the general term "nonsuit." The legislature has since amended the statute twice, notably removing the term "nonsuit" and substituting specific language in its place. Compare Ill. Rev. Stat. 1963, ch. 83, par. 24a, with Ill. Rev. Stat. 1987, ch. 110, par. 13—217.

The savings statute, as it is now written, is very specific and clear. As this court stated in *Conner*:

"[The savings statute] thus allows a plaintiff, whose original action has been dismissed on specified grounds, to file an action again though the statute of limitations has run. If the dismissal was on one of the specified grounds, the statute provides, in effect, a new limitations period which will extend at least one year from the date of the dismissal." (*Conner*, 99 Ill. 2d at 385.)

Following *Roth*, the legislature deleted the ambiguous, general term "nonsuit" from the savings statute and inserted very specific language in its place. The sole change in the statute since *Conner* is the insertion of the grounds of dismissal by a Federal court for lack of jurisdiction. As Justice Chapman stated in his dissent below, "[w]hile we may feel that the legislature may have intended to include dismissals for improper venue if it had occurred to them, feelings about what the legislature might have done *** are not a proper basis of statutory

construction." 200 Ill. App. 3d at 895 (Chapman, J., dissenting).

The plaintiff argues that it can be inferred, under the facts of this case, that since the Federal district judge found venue to be improper, he must also have found jurisdiction to be lacking. This argument confuses the concepts of jurisdiction and venue. The rules governing personal jurisdiction are distinct and different from venue. Venue is proper in the Federal district where all the defendants reside or where the claim arose. (28 U.S.C. §1391(b) (1988).) In contrast, personal jurisdiction is whether or not an individual or entity is amenable to process in accordance with the statutes of the State or district where the court hearing the case sits. (See *Scullin Steel Co. v. National Ry. Utilization Corp.* (8th Cir. 1982), 676 F.2d 309.) In short, the plaintiff asks this court to second-guess a Federal district judge (without the benefit of the full record) as to his decision that a cause of action should be dismissed for improper venue, rather than for lack of jurisdiction. This court will not engage in such speculation, and, given the record before us, we can only assume that the sole basis for the Federal judge's dismissal of this case was improper venue.

Whether or not it would be good public policy to legislatively include a Federal district court's dismissal of a cause of action on the basis of improper venue as an additional savings statute condition is not before this court. That is an issue for the legislature. The amendment to the act, adding dismissals from Federal court for lack of jurisdiction, is very specific, and very clear. Although the amendment would change the outcome in the *Conner* case had it been in place, it would not change the court's underlying reasoning or analysis of the statute. The savings statute, as it now exists, is a plain, unambiguous statute, and it is inapplicable to the circumstances of the instant case.

The defendant also asks this court to rule that the plaintiff filed his claim in Federal district court in bad faith, thereby preventing application of the savings statute. (See *White v. Tucker* (1977), 53 Ill. App. 3d 862.) Since we find that the savings statute does not apply to this case, it is not necessary to determine whether or not the original action was filed in bad faith.

For the foregoing reasons the judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court with directions to dismiss the plaintiff's complaint.

*Judgments reversed;*
*cause remanded with directions.*

JUSTICE BILANDIC, dissenting:

I must respectfully dissent because the result reached by the majority exalts form over substance, disregarding the remedial nature of the savings statute and its status as a single provision within the entire Code of Civil Procedure.

The Code of Civil Procedure and its predecessor, the Civil Practice Act, were enacted to eliminate technical pitfalls and to encourage a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 59.) This court has early on recognized that the several provisions contained within the Code of Civil Procedure (and its predecessor) should be construed together in light of this general purpose and philosophy, so as to give effect to the main intent of the legislature. (*Johnson v. Moon* (1954), 3 Ill. 2d 561, 566.) Indeed, it is the express direction of the legislature, contained in section 1—106, that "[t]his Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Ill. Rev. Stat. 1987, ch. 110, par. 1—106.

The defendants allegedly libeled the plaintiff in 1986. Plaintiff filed a timely complaint in the United States District Court for the Eastern District of Missouri (Federal court). Defendants were promptly served with process and a copy of plaintiff's complaint and did in fact appear before the court. (Presumably, the appearance was a general, rather than a special and limited, appearance.) Defendants motioned the court for dismissal on two grounds, lack of jurisdiction and improper venue. The Federal judge granted their motion and dismissed the action against defendants on the basis of improper venue. This constitutes an involuntary dismissal of plaintiff's action on grounds other than an adjudication on the merits. Fed. R. Civ. P. 41(b); 134 Ill. 2d R. 273.

Plaintiff refiled the libel action on March 30, 1988, in the circuit court of Christian County, Illinois. This was within one year after the entry of the dismissal order in the Federal action. Defendants moved to dismiss plaintiff's State court action because the alleged libel occurred in 1986 and, therefore, plaintiff's case is barred by the one-year statute of limitations for libel actions. Ill. Rev. Stat. 1987, ch. 110, par. 13—201.

Plaintiff argues that the action was timely filed because the Federal case was commenced within one year of the libel. This State action was commenced within one year of the dismissal of the Federal case. Therefore, this case is merely a continuation of the Federal action. Defendants contend, and the majority agrees, that this cannot be a continuation of the Federal case because the Federal case was not dismissed "for lack of jurisdiction" but for lack of venue. The majority reasons that if the legislature wanted to save plaintiff's action it could have written "lack of venue" into section 13—217. It chose not to do so; therefore plaintiff's action cannot be saved because of his mistaken filing in the Federal court. I disagree.

The majority focuses only on section 13—217 (the savings statute), disregarding the liberal construction mandated by section 1—106 of the Code. This court has already determined that the plain purpose of the savings statute is "to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 48.) Justice Cardozo expressed this philosophy in construing a New York statute similar to our savings statute:

> "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. \*\*\* There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights." *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 46-47, citing *Gaines v. City of New York* (1915), 215 N.Y. 533, 539, 109 N.E. 594, 596.

Likewise, in the instant case, it is of no consequence that plaintiff's error was one of venue rather than jurisdiction. In either case, no harm has been visited on the defendants. They were put on notice, in a timely manner, of plaintiff's claim. The determination of the Federal court was not on the merits. At the very outset, the Code reminds us that it must be "liberally construed \*\*\* according to the substantive rights of the parties." This "liberal purpose is not to be frittered away by any narrow construction" of section 13—217.

The majority erected an artificial wall between the Federal court system and our State court system. Within the Federal system, if a plaintiff files in the

wrong venue, the United States district court "may transfer such case to any district or division in which it could have been brought." (28 U.S.C. §1406(a) (1988).) Within our State system, "[n]o action shall abate or be dismissed because commenced in the wrong venue if there is a proper venue to which the cause may be transferred." (Ill. Rev. Stat. 1987, ch. 110, par. 2—104(a).) Both systems have instituted mechanisms to ensure that a litigant, because of a procedural error in selecting venue, is not prevented from obtaining a disposition on the merits of his cause.

In the case at bar, plaintiff is denied the opportunity of a trial on the merits of his action because he selected the wrong venue in the Federal system and then refiled the same action in the State system. The majority's holding only serves to frustrate, rather than further, the purpose, philosophy and remedial nature of our savings statute.

The majority justifies its narrow construction of section 13—217 by stating that if the legislature intended to save actions filed in the wrong venue it could have easily added "lack of venue" to section 13—217. What the majority overlooks is that the same legislature was also aware of the purpose and construction to be placed on the entire Code of Civil Procedure when it enacted section 1—106. It also overlooks the fact that the legislature was aware of the fact that it already saved actions filed in the wrong venue when it enacted section 2—104. It did not have to be saved again in section 13—217.

I would therefore affirm the judgments of the appellate court and the circuit court of Christian County and remand this cause for further proceedings consistent with the views expressed herein.

JUSTICE CLARK joins in this dissent.