James BECK, Plaintiff,

v.

CATERPILLAR INC., and United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants.

No. 94–1007.

United States District Court,
C.D. Illinois,
Peoria Division.

May 31, 1994.

man Schur & Eagle, Chicago, IL, for defendants.

## ORDER

McDADE, District Judge.

This is an action brought by James Beck ("Beck") under Section 301 of the Labor–Management Relations Act, as amended, 29 U.S.C. § 185. Section 301 grants the federal courts jurisdiction over suits alleging a violation of a collective bargaining agreement between an employer and a labor union. Beck is a former employee of the Defendant, Caterpillar Inc. ("Caterpillar"). While employed by Caterpillar, Beck was a member of the Defendant, United Automobile Aerospace and Agricultural Implement Workers of America ("UAW"). At all times relevant to this case, Caterpillar and the UAW were parties to a collective bargaining agreement which governed the terms and conditions of Beck's employment.

In the instant case, Beck alleges that Caterpillar violated the collective bargaining agreement when it separated him from employment on April 21, 1989. Beck further contends that the UAW breached its statutory duty to represent him fairly in the handling of the grievance he filed protesting his separation under the collective bargaining agreement because the UAW withdrew the grievance prior to arbitration on August 23, 1990. Caterpillar and the UAW now move for summary judgment on the ground that Beck has failed to file suit within the applicable limitations period and that his suit is, therefore, barred. For the reasons set forth below, Defendants' Motions for Summary Judgment are granted.[1]

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

James Beck, pro se and Maribeth Egert Dura, Faupel & Corrigan, Peoria, IL, for plaintiff.

James P. Osick, Seyfarth Shaw Fairweather & Geraldson, Michael B. Erp, Stanley Eisenstein, and Harold A. Katz, Katz Fried-

---

1. The UAW's motion is filed as a Motion for Summary Judgment or alternatively as a Motion to Dismiss. The Court has treated the motion as one for summary judgment under Fed.R.Civ.P. 56 because it refers to the original Complaint and the Order entered dismissing that case which are matters outside the pleadings. Under Federal Rule 12(b)(6) motions to dismiss which refer to matters outside the pleadings shall be disposed of under Rule 56.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact.

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

As to genuine issue, summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As stated in *Anderson*, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." When a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, or is no more than a scintilla, a summary judgment may be granted.

## BACKGROUND

The following facts are undisputed. Beck was hired by Caterpillar in 1966. He was a member of the UAW during the entire time Caterpillar employed him and was, at all times relevant to the instant case, subject to the 1988 collective bargaining agreement between Caterpillar and the UAW.

On April 21, 1989, Caterpillar terminated Beck, pursuant to Section 14.6 of the collective bargaining agreement.[2] On or about April 25, 1989, Beck filed a grievance under the applicable collective bargaining agreement protesting his separation from employment. On August 23, 1990, Caterpillar denied Beck's grievance and the UAW, for reasons not relevant here, withdrew Beck's grievance without first submitting it to arbitration.[3]

Beck challenged the UAW's withdrawal of his grievance by pursuing intra-union appeal procedures established in the UAW Constitution. On March 20, 1992, the UAW formally denied Beck's intra-union appeals and, by letter to his attorney dated April 3, 1992, informed Beck that it would take no further action on his behalf to reinstate his grievance.

On September 18, 1992, Plaintiff filed a Complaint in case number 92–1409 in this Court. On January 14, 1993, counsel for Beck filed a Motion for Voluntary Dismissal, which was granted by Magistrate Judge Robert J. Kauffman without prejudice, and the case was terminated. On January 4, 1994, Beck, acting *pro se,* filed a new Complaint against Caterpillar and the UAW alleging the same claims found in the original

---

**2.** Section 14.6 permits Caterpillar to terminate an employee as a "voluntary quit" when the employee is on a disability leave of absence (as opposed to other absences) and receives income from another job without obtaining the prior consent of Caterpillar. At the time of Beck's termination, he was on a disability leave of absence for a panic disorder. Beck does not dispute that during this leave of absence he received income from his auto sales business. Beck contends, however, that Caterpillar knew and had consented to his participation in this business.

This contention, however, is not relevant to the pending motions.

**3.** Articles V and VI of the applicable collective bargaining agreement establish a mandatory and exclusive grievance and arbitration procedure for the resolution of any difference or dispute between Caterpillar and the UAW or between Caterpillar and any employee covered by the agreement.

suit, case number 92–1409.[4] The new Complaint is the basis for the instant action and is referred to the Court as case number 94–1007.

## DISCUSSION

■ Beck brings this suit solely under Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185, against both Caterpillar and the UAW. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court expressly held that a "hybrid" Section 301 action (brought both against an employer and a labor organization alleging breach of a collective bargaining agreement against the employer and breach of the duty of fair representation against the union), such as the instant suit, is governed by the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *See also Pantoja v. Holland Motor Express, Inc.*, 965 F.2d 323, 326 (7th Cir.1992); *Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1246 (7th Cir.1990) (citing extensive Seventh Circuit authority).

■ "A Section 301/fair representation claim usually 'accrues from the time a final decision on a plaintiff's grievance has been made or from the time a plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance.'" *Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d at 1246 (quoting from *Richards v. Local 134, Int'l Brotherhood of Electrical Workers*, 790 F.2d 633, 636 (7th Cir.1986)). In the instant case, the UAW withdrew Beck's grievance and refused to proceed to arbitration on or before August 23, 1990. Normally, Beck's hybrid Section 301 claim would have accrued at the latest on August 23, 1990.

■ The Seventh Circuit has held, however, that "the six-month statute of limitations for duty of fair representation claims, and hence for hybrid claims under § 301, is tolled while an employee pursues internal

union remedies." *Pantoja v. Holland Motor Express, Inc.*, 965 F.2d at 328 (citing *Frandsen v. Brotherhood of Ry., Airline & Steamship Clerks*, 782 F.2d 674, 681 (7th Cir.1986)). In this case, Beck pursued an appeal of the UAW's decision not to process his grievance to arbitration by instituting an appeal under the UAW's intra-union appeal procedures. For purposes of this motion (and to view every fact in the light most favorable to Beck), it will be assumed that Beck's pursuance of his intra-union appeals tolled the running of the applicable six-month limitation period under the rationale of the Seventh Circuit's decision in *Frandsen.*

As noted above, the UAW formally notified Beck that his intra-union appeal was denied on April 3, 1992, informing Beck that the UAW would take no further action on Beck's behalf. Therefore, at the latest, Beck's hybrid Section 301 claim against Caterpillar and the UAW accrued on April 3, 1992. Beck filed his first Complaint on September 18, 1992, which was voluntarily dismissed on January 14, 1993. The instant suit was filed on January 4, 1994.

Caterpillar and the UAW claim that the instant suit is time barred because it was filed more than six months after the latest date on which Beck's cause of action accrued. This argument relies on an unstated assumption: that the filing of the original Complaint within the applicable time period does not affect the analysis regarding the instant Complaint. As demonstrated below, this assumption is correct, but not for the reasons given by Defendants.

The parties argue the motions as if the relevant issue is whether the LMRA's six-month statute of limitations period for filing a complaint under § 301 is tolled by the Illinois savings statute, 735 ILCS 5/13–217 (1993) ("savings statute"). Consequently, the briefing focuses on whether the Illinois savings statute may or may not be applied to the federal claim in this case. The savings statute gives a plaintiff one-year from the date a complaint is voluntarily dismissed (among other reasons) to file a new action.

**4.** Beck is now represented by counsel Maribeth Dura who filed a resistance to Defendants' Motions for Summary Judgment, arguing that the

Illinois savings statute applies in this case to save Beck's Complaint.

Defendants' primary contention is that the Illinois savings statute does not apply to Beck's new Complaint because the Illinois Supreme Court in *DeClerck v. Simpson,* 143 Ill.2d 489, 160 Ill.Dec. 442, 577 N.E.2d 767 (Ill.1991), held that the savings statute applies to claims filed in state court only when the prior claim was dismissed by a federal district court for "lack of jurisdiction." This reading of *DeClerck* is too narrow. *DeClerck* held that the Illinois savings statute applies to dismissals based on lack of federal jurisdiction or one of the other expressly listed bases such as voluntary dismissals, but not for lack of venue—which is not an expressly provided basis for applying the statute. *Id.* 160 Ill.Dec. at 444–445, 577 N.E.2d at 769–70. Thus, *DeClerck* (which involved a claim which had been involuntarily dismissed as opposed to voluntarily dismissed in this case) does not support Defendants' argument that the Illinois savings statute is limited to cases where the prior claim was dismissed for lack of federal jurisdiction.

However, an important distinction between this case and *DeClerck* (or any other case filed in Illinois state court) is that the Illinois Supreme Court was applying Illinois state law to a claim filed in state court. In other words, the Illinois Supreme Court had jurisdiction to apply state law to the claim before it. In this case, the Court is asked to apply state law to a claim for which the Court has original federal subject matter jurisdiction. State law does not apply to federal question cases. Although statute of limitations questions are considered substantive rather than procedural, requiring the application of state rather than federal (procedural) law in federal diversity cases, this is not a diversity case. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *West v. Conrail,* 481 U.S. 35, 39 n. 4, 107 S.Ct. 1538, 1541 n. 4, 95 L.Ed.2d 32 (1987); *Sun Oil Co. v. Wortman,* 486 U.S. 717, 725, 108 S.Ct. 2117, 2123, 100 L.Ed.2d 743 (1988).

▮▮▮ This case is about federal procedure in situations where a timely complaint filed under a federal statute is voluntarily dismissed without prejudice and later refiled as a new complaint because the former case was closed. Voluntary dismissals are governed by Fed.R.Civ.P. 41. If the plaintiff initiates the dismissal or the parties stipulate to the dismissal, then Rule 41(a)(1) provides that the dismissal is to be entered without prejudice. "A voluntary dismissal without prejudice leaves the situation as if the action had never been filed." Wright and Miller, Federal Practice and Procedure § 2367 at 186–87. Therefore, if a plaintiff seeks to refile the dismissed claim, he or she may do so, but only within the remaining time period permitted by the relevant statute of limitations. In other words, the statute of limitations is not tolled during the pendency of a case that is voluntarily dismissed. *Id.* See also *Harris v. Brock,* 642 F.Supp. 1134, 1135 (N.D.Ill.1986), *aff'd,* 835 F.2d 1190 (7th Cir. 1987).

In this case, the dismissal order endorsed by Magistrate Judge Kauffman on January 14, 1993, falls within the provisions of Rule 41(a)(1).[5] Although neither party brought this rule to the Court's attention, both parties have characterized/treated Beck's second Complaint, the one filed in this case, as a new cause of action. This treatment is consistent with the provisions of Rule 41. Therefore, as a new cause of action, the Complaint in this case is subject to § 301's six-month statute of limitations. Pursuant to Rule 41, this six-month period was not tolled by the filing of the original Complaint, nor by the time during which it was pending in this Court.

The undisputed facts establish that Beck's cause of action accrued (at the latest) on April 3, 1992 and the six-month limitations period ran sometime in early September 1992. Thus, on January 14, 1993, the day the voluntary dismissal was signed, Beck's time for filing a new cause of action based on the same allegations had already expired. Although the Illinois savings statute gives plaintiffs an additional year to file a new complaint after voluntary dismissal, that stat-

---

5. In the Order of Dismissal, Plaintiff represented that the parties stipulated to voluntary dismissal; however, the Order was signed only by Plaintiff's counsel. Although the failure of all parties to sign the dismissal order technically violates Rule 41(a)(1), the dismissal is still voluntary; thus, its entry without prejudice was proper.

ute does not apply in this case, for the reasons previously stated. If federal law provides a basis for tolling the six-month limitations period, then it is not readily apparent from the federal rules and the parties have not briefed and argued the case on this basis. Accordingly, Plaintiff's Complaint in this case is barred by § 301's six-month statute of limitations, and Defendants' Motions for Summary Judgment will be granted as a matter of law.

### CONCLUSION

IT IS THEREFORE ORDERED that the Motions for Summary Judgment filed by Caterpillar, Inc. (Doc. # 2) and the UAW (Doc. # 11) are **GRANTED.** Each party is to bear their own costs. This case is **TERMINATED.**