Annie MATLOCK, Special Administrator
of the Estate of Archie Matlock, Jr.,
Deceased, Plaintiff,

v.

Richard L. HAWKES, C.D.A. # 301911, H.
Randle Jr., C.D.A. # 302597, Richard E.
Patrick, Star # 6195, Maria Diaz, C.D.A.
# 683151, Defendants.

No. 94 C 5517.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 1, 1995.

Steven Barry Muslin, Thomas J. Rainville, Jr., Steven B. Muslin, Ltd., Chicago, IL, for plaintiff.

James Patrick McCarthy, Robert W. Barber, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Annie Matlock, Special Administrator of the Estate of Archie Matlock, Jr. (deceased), brings this action for damages under 42 U.S.C. § 1983 against defendants Richard L. Hawkes, H. Randle, Jr., Richard E. Patrick, and Maria Diaz, all Chicago police officers. Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the suit is barred by the applicable statute of limitations. For the reasons set forth below, the motion is granted and the case is dismissed.

### FACTS

On or about August 18, 1992, Archie Matlock, Jr. was arrested by the Chicago police and placed in a cell located at 3151 West Harrison Street. At 7:45 p.m. on August 18, 1992, Matlock was found dead in his cell, having committed suicide by hanging. According to the complaint, at the time he was arrested he had been exhibiting signs of depression, drug addiction and intoxication, and was in a general state of ill being. Plaintiff alleges that as a result of these visible signs, defendants knew or should have known that Matlock required medical and/or psychological care, and was at a genuine risk of committing suicide. Plaintiff alleges that defendants violated Matlock's constitutional rights by: (1) failing to monitor his cell although they knew or should have known that he was contemplating suicide; (2) failing to remove articles from Matlock although they knew or should have known that such articles could be used to commit suicide; and (3) failing to provide medical and/or psychological care although they knew or should have known that he required such care.

## PROCEDURAL HISTORY

Because defendants' motion asserts that the suit is time barred, an examination of the procedural history is required. The incident occurred on August 18, 1992. Plaintiff originally filed suit in state court naming the individual defendants and the City of Chicago. The City removed the case to federal court on November 29, 1993, (case No. 93 C 7193), and thereafter moved to dismiss. Plaintiff filed a first amended complaint on June 22, 1994, attempting to cure certain defects raised by the City's motion. The individual defendants had not yet been served. On July 14, 1994, the City moved to dismiss the first amended complaint. The individual defendants moved to dismiss pursuant to Fed.R.Civ.P. 4(m) for plaintiff's failure to serve them within 120 days of filing. It had been over 300 days since the original suit had been filed in state court, and over 200 days since the removal of the action before service on the individuals had been effected. (Patrick and Hawkes were served on June 20, 1994. The docket does not indicate when, if ever, Diaz and Randle were served.)

Rather than respond to the individual defendants' Rule 4(m) motion, plaintiff moved to file a second amended complaint. Plaintiff's motion was granted, and the second amended complaint was filed on August 18, 1994, exactly two years to the day after the incident. The second amended complaint contained three counts: Count I against the City for negligence; count II against the City for willful and wanton misconduct; and count III against the individual defendants under Section 1983. In a memorandum opinion and order issued August 23, 1994, Judge Lindberg concluded that filing a second amended complaint in no way altered the fact that plaintiff had failed to serve the individual defendants within 120 days, as required by Rule 4(m). He found that plaintiff had failed to make any attempt to show any cause for her failure to comply with Rule 4(m) and, therefore, dismissed Count III without prejudice. Because this left only two state law counts against the City, Judge Lindberg declined to exercise supplemental jurisdiction and remanded the case to the Circuit Court of Cook County, where it remains pending. The memorandum opinion made no mention of any statute of limitations problem, and it is unclear whether Judge Lindberg was made aware of the fact that the statute of limitations had run.

Rather than moving for reconsideration of Judge Lindberg's order and attempting to show cause for the delay in service or to seek relief from the consequences of the delay, plaintiff filed the instant action on September 8, 1994. There is no question that this suit is filed more than two years after the incident.

## DISCUSSION

■ It is beyond dispute, and the parties agree, that Illinois's two year statute of limitations for personal injury actions applies to this action for damages brought under section 1983. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985); *Kness v. Grimm,* 761 F.Supp. 513, 517–19 (N.D.Ill.1990). Therefore, unless the statute has been tolled for some reason, the complaint is time barred and must be dismissed.

To avoid dismissal, plaintiff seeks to invoke Illinois's tolling provision, 735 ILCS 5/13–217 ("Section 217"). Section 217 provides in relevant part that when an:

action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by United States District Court for a lack of jurisdiction, or the action is dismissed by the United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater....

■ Plaintiff argues that a dismissal under Federal Rule 4(m), which is without prejudice (but involuntary), is much like a voluntary dismissal or a dismissal for want of prosecution and, therefore, the intent of section 217, which is to have cases decided on their merits, requires its application here.

The Court disagrees. As noted, under *Wilson*, the statute of limitations for section 1983 claims is borrowed from Illinois' limitation provision for personal injury actions. This "borrowing" of the state statute of limitations also includes the state's tolling provisions, *Wilson*, 471 U.S. at 269, 105 S.Ct. at 1943, but only to the extent necessary to fill gaps left by Congress. *West v. Conrail*, 481 U.S. 35, 39–40, n. 6, 107 S.Ct. 1538, 1541–42, 95 L.Ed.2d 32 (1987). Therefore, a district court should apply state law "only when federal law neglects the topic," *Lewellen v. Morley*, 875 F.2d 118, 121 (7th Cir.1989), and only so long as the state tolling rule is not inconsistent with federal law. *Board of Regents v. Tomanio*, 446 U.S. 478, 485–86, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980).

Applying this analysis, numerous courts in this district have determined that Section 217 is applicable to the refiling of a claim in federal court, including section 1983 claims, holding that the tolling rule is not inconsistent with federal law. *See Ill v. Roland*, 812 F.Supp. 855, 859 (N.D.Ill.1993); *Flores v. City of Chicago*, 682 F.Supp. 950 (N.D.Ill. 1988). In each of those cases, however, Section 217 was directly applicable because the claim to be refiled had been dismissed originally for one of the grounds specifically set forth in the section.

In the instant case, plaintiff's original claim was not dismissed for one of the reasons specifically set forth in Section 217, but rather under Federal Rule 4(m) for failure to effect service within 120 days. As *DeClerck v. Simpson*, 143 Ill.2d 489, 160 Ill.Dec. 442, 577 N.E.2d 767 (1991), makes clear, Section 217 has been interpreted narrowly. It allows a plaintiff whose original action has been dismissed on specific grounds to file an action again even though the statute of limitations has run. *Id.* at 493, 160 Ill.Dec. 442, 577 N.E.2d 767 (citing *Conner v. Copley Press, Inc.*, 99 Ill.2d 382, 76 Ill.Dec. 820, 459 N.E.2d 955 (1984)). Through the years, Section 217 has gone through changes, with additional grounds having been added by the legislature, but the Illinois Supreme Court has always limited relief under the section to situations involving the grounds specifically set forth. *DeClerck*, 143 Ill.2d at 496, 160 Ill.Dec. 442, 577 N.E.2d 767. Dismissal for failure to effect service within the allotted time period under Rule 4(m) is not, and has never been, one of those specified grounds.

This Court is aware of only one case in which the application of Section 217 to a dismissal under Rule 4(m) was at issue. In *Fowler v. Kinsella*, No. 90 C 9599, 1990 WL 19856 (N.D.Ill.1990), Judge Kocoras, in a well reasoned opinion, refused to allow the tolling statute to extend the limitations period for refiling a complaint dismissed pursuant to Rule 4(m) (then Rule 4(j)) because to do so would have explicitly contradicted Rule 4(m)'s purpose of encouraging prompt movement of civil actions in federal court. Referring to the House report to the 1982 amendment which added Rule 4(m), Judge Kocoras concluded that "Congress intended to place the plaintiff who has had his case dismissed under Rule [4(m)] in precisely the same position as if he had never filed the lawsuit in the first instance.... [A]pplying [section 217] to Rule [4(m)] does precisely what Congress rejected. It puts the plaintiff in a much better position than if he had never filed." *Id.* at *4. This Court agrees with the reasoning in *Fowler*, and concludes that section 217 is inapplicable to dismissals under Rule 4(m).

Moreover, Rule 4(m) has been amended since Judge Kocoras's opinion in *Fowler* to give a district judge some discretion to avoid the possible harsh consequences of the Rule. The committee notes to the Rule specifically indicate that one of the purposes of the 1993 amendment was to "authorize the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." The notes further provide that such relief may be justified if the applicable statute of limitations would bar the refiled action. Fed.R.Civ.P. 4(m) (1993 Amendment Committee Notes to Subdivision (m)). The ability to grant such relief comes from the Rule, however, and any request must be brought before the court ruling on the Rule 4(m) motion. Rule 4(m) cannot be read to give this court any authority to ignore an admittedly applicable limitations period.

Therefore, plaintiff could have presented his argument to Judge Lindberg before the final ruling on the individual defendants' 4(m) motion in case No. 93 C 7192, but did not do so. Plaintiff instead elected to file an amended complaint, with no discussion of the limitations problem. Then, instead of moving for reconsideration before Judge Lindberg, plaintiff elected to file the instant action. Harsh as it may seem, plaintiff must is bound by the consequences of those decisions.

Finally, plaintiff argues that defendants should be equitably estopped from asserting the statute of limitations based on an agreement between counsel. By her own admission, however, plaintiff indicates only that the individual defendants' counsel agreed to plaintiff's filing of the second amended complaint. Nothing presented by plaintiff indicates that defendants' counsel agreed to waive the statute of limitations defense. Defendants' counsel's affidavit indicates that no such agreement was ever made. Under the facts as presented, the court finds plaintiff's estoppel argument unavailing.

### CONCLUSION

For the reasons set forth above, the motion to dismiss is granted.