**Deborah D. CONOVER and Charles Conover, Plaintiffs–Appellants,**

v.

**Frederick M. LEIN, Individually and d/b/a Lein Trucking, Defendant–Appellee.**

No. 95–2326.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 9, 1996.

Decided July 1, 1996.

Christopher P. Ryan (argued), Philip M. O'Donnell, Kingery, Durree, Wakeman & Ryan, Peoria, IL, L. L. Harrell, Jr., Harrell & Harrell, Trenton, TN, for Plaintiffs–Appellants.

James L. Hafele, Scott E. Umland (argued), Hafele & Associates, Peoria, IL, for Defendant–Appellee.

Before COFFEY, KANNE, and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

Appellants Deborah Conover and Charles Conover filed suit in this diversity case against appellee Frederick Lein alleging various state law claims. The district court concluded that the action was time-barred and dismissed the case. We affirm.

## I. BACKGROUND

On September 24, 1990, appellants Deborah Conover and Charles Conover were involved in a traffic accident with appellee Frederick Lein in Fulton County, Illinois. Appellants maintain that their vehicle struck

Lein's truck when Lein improperly pulled into their lane of traffic. Ms. Conover alleges that she was seriously injured in the accident, and two years later, on September 24, 1992, the appellants filed suit in the district court against Lein and several other defendants. ("Case No. 1"). The complaint alleged various Illinois state law tort theories and invoked the diversity jurisdiction of the court.[1]

As a consequence of the appellants' failure to serve Lein with process within 120 days of filing suit, as required by Fed.R.Civ.P. 4(j) (currently and hereinafter Rule 4(m)), Case No. 1 was dismissed without prejudice on March 24, 1994. Judge McDade subsequently denied a motion to reconsider his ruling.

On July 18, 1994, the appellants filed the instant suit against Lein (both individually and d/b/a Lein Trucking) alleging the same claims. ("Case No. 2"). This time Lein was promptly served with process. Lein moved to dismiss, however, claiming that the Illinois statute of limitations barred the action.[2] Appellants argued that they were entitled to the application of the Illinois savings provision, 735 I.L.C.S. 5/13–217 ("Section 217"). Section 217 permits a plaintiff to refile a case within one year, even after the statute of limitations has run, if the case had previously been terminated in one of six specific circumstances. See 735 I.L.C.S. 5/13–217 (1993). One of the specific circumstances enumerated in the statute was a dismissal for want of prosecution. See id. Appellants argued that the prior dismissal of their case pursuant to Rule 4(m) was the equivalent of a dismissal for want of prosecution under Illinois law, and that their action was therefore timely, pursuant to Section 217.

Magistrate Judge Robert J. Kauffman issued a report ("Report") recommending that the motion to dismiss should be granted; he concluded that Section 217 must be narrowly construed and only applied in the circumstances specifically listed therein. (Report at 3–4). Further, he noted that it was unlikely that Section 217 would apply to dismissals for lack of service, given that such dismissals were governed by Illinois Supreme Court Rule 103,[3] and that Case No. 1 would have been dismissed with prejudice had it been filed in state court. (Report at 4). Lastly, the magistrate judge held that dismissing the case would not conflict with Fed.R.Civ.P. 4(m), as a dismissal "without prejudice" under Rule 4(m), after the statute of limitations has run, can operate as a de facto dismissal with prejudice. (Report at 4–5).

The district judge accepted the magistrate judge's recommendation and dismissed the case, without prejudice, on May 4, 1995. ("Order"). The district judge rejected the appellants' argument that a dismissal under Rule 4(m) for failure to serve process was analogous to a dismissal for want of prosecution for purposes of Section 217. (Order at 4). The trial judge concluded that a dismissal under Rule 4(m) was analogous to a dismissal under Illinois Sup.Ct. Rule 103, which is not covered by Section 217. (Order at 4–5).

## II. ISSUE

The issue before the court is whether Section 217 applies to the appellants' case. Appellants argue that dismissal for lack of service under Fed.R.Civ.P. 4(m) is equivalent to a dismissal for want of prosecution for purposes of the application of the savings statute. As Section 217 specifically applies to dismissals for want of prosecution, appellants maintain it applies to their case.

## III. DISCUSSION

### A. Standard of Review/Applicable Law

■ This court reviews a district court's decision to dismiss a complaint for failure to

---

1. Ms. Conover is a citizen of Tennessee, Mr. Conover is a citizen of Illinois, and Mr. Lein is a citizen of Wisconsin.

2. There is no dispute that Illinois' two-year personal injury statute of limitations applies in this case. See 735 I.L.C.S. 5/13–202.

3. Rule 103 provides, in relevant portion:
     (b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence

to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion.

state a claim de novo. *Wahlin v. Sears, Roebuck & Company,* 78 F.3d 1232, 1234 (7th Cir.1996). The timeliness of appellants' diversity action is governed by Illinois law, including the Illinois statute of limitations and the Illinois tolling and savings provisions. *See generally Beck v. Caterpillar, Inc.,* 50 F.3d 405, 406 (7th Cir.1995). *See also Mares v. Busby,* 34 F.3d 533 (7th Cir. 1994).

The version of Section 217 in effect at the time of this action provided:

§ 13–217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.

735 I.L.C.S. 5/13–217 (1993).

## B. Analysis

Appellants can only prevail if Section 217 applies in circumstances beyond the six situations specifically set forth in the statute. The first hurdle in appellants' path is this court's decision in *Busby.* In *Busby,* we affirmed a district court's finding that Section 217 does not apply when the prior lawsuit was dismissed for failure to effect service under Fed.R.Civ.P. 4(m). 34 F.3d at 536. This court concluded that Section 217 is to be interpreted narrowly, and held that the district court's ruling that Section 217 only applied in the situations specifically listed within it was reasonable. *Id.*

Appellants argue that *Busby* is merely persuasive authority, as the *Busby* court was evaluating the district court's decision under the deferential abuse of discretion standard. Appellants are correct that *Busby* does not serve to definitively resolve the issue. The *Busby* court explicitly stated that its review was limited, and that it did not intend its holding to be the definitive statement on this issue of Illinois law. 34 F.3d at 536. However, even if the appellants survive the first hurdle, they cannot survive the second—the Illinois Supreme Court's decision in *DeClerck v. Simpson,* 143 Ill.2d 489, 160 Ill.Dec. 442, 577 N.E.2d 767 (1991).

In *DeClerck,* the Illinois Supreme Court addressed the issue of whether an earlier version of Section 217[4] applied to a case originally filed in the district court, but dismissed by the district court because of improper venue. The court began its analysis by noting "that the verbiage of the statute must be given its plain and ordinary meaning, and the intention of the legislature is best surmised from the language of the statute." *Id.* at 492, 160 Ill.Dec. at 443, 577 N.E.2d at 768. The court then traced the history of the statute, noting that the original, general language had been gradually replaced with increasingly specific language. *Id.* at 493–95, 160 Ill.Dec. at 444–45, 577 N.E.2d at 769–70. The court concluded that "[t]he savings statute, as it now exists, is a plain, unambiguous statute, and it is inapplicable to the circumstances of the instant

---

4. The version of Section 217 evaluated in *DeClerck* was substantially identical to the version utilized in the instant case, except the prior version contained no reference to dismissals for improper venue. *See* Ill.Rev.Stat. ch. 110, para. 13–217 (1987).

case." *Id.* at 496, 160 Ill.Dec. at 446, 577 N.E.2d at 771.

■ The Illinois Supreme Court has held Section 217 only applies to the situations explicitly listed within it. As dismissals pursuant to Fed.R.Civ.P. 4(m) are not listed in Section 217, appellants' position is untenable under *DeClerck.*

Appellants attempt to avoid this result by arguing that a subsequent amendment to Section 217, to include cases in which a federal district court has dismissed an action due to improper venue, indicates that the Illinois legislature has repudiated *DeClerck.*

While appellants are correct in calling our attention to the fact that Section 217[5] was amended, the amendments do not repudiate *DeClerck.* On the contrary, the manner in which the statute has been amended serves to bolster our conclusion. The *DeClerck* decision was less about a specific provision and more about an approach to analyzing the statute—that only circumstances specifically listed in the text of the statute are covered by the statute. Had the legislature wished to repudiate *DeClerck*, it had ample opportunity and would have amended the statute by reinserting general language of the type previously repealed.

Our reading of *DeClerck* is further bolstered by Illinois case law dealing with dismissals for failure to serve process. The rule in Illinois is that a subsequent filing pursuant to Section 217 will not immunize the plaintiff from the consequences of failure to timely serve process in the first case. *See Muskat v. Sternberg*, 122 Ill.2d 41, 118 Ill.Dec. 455, 521 N.E.2d 932 (1988); *Catlett v. Novak*, 116 Ill.2d 63, 106 Ill.Dec. 786, 506 N.E.2d 586 (1987); *O'Connell v. St. Francis Hospital*, 112 Ill.2d 273, 97 Ill.Dec. 449, 492 N.E.2d 1322 (1986).[6] This would not be the case if Section 217 was intended to apply to dismissals for failure to timely serve process.

■ One aspect of the district court's decision gives us pause, however. The district court dismissed the case "without prejudice." As the district court held that the Illinois statute of limitations had run and that the Illinois savings provision did not apply, the dismissal should have been with prejudice. We are without jurisdiction to modify the judgment, however, because the appellee has failed to cross-appeal. It is well-established that an appellee cannot enlarge his rights under a judgment in the absence of a cross-appeal. *See Tredway v. Farley*, 35 F.3d 288, 296 (7th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995).

## IV. CONCLUSION

The district court's conclusion that the appellants' refiled action is time-barred because Section 217 does not apply in the instant case is proper. That the dismissal in the original case was pursuant to Fed.R.Civ.P. 4(m), and thus "without prejudice," does not render this result unequitable. That a dismissal is

---

5. The current version of Section 217 provides as follows:

> § 13–217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contact where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is

> reversed or entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue. No action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired.

735 I.L.C.S. 5/13–217 (1996). Interestingly, the legislature excluded dismissals for want of prosecution, the basis for appellants' claim.

6. Appellants also argued that the district court's analogy to Ill.Sup.Ct. Rule 103 was improper. While we agree that the analogy was unnecessary in light of the plain language of *DeClerck*, there was nothing improper in the district court's consideration of the service of process provisions for the purpose of evaluating the intended scope of Section 217.

"without prejudice" under Rule 4(m) does not mean the dismissal is "without consequence," if the statute of limitations has run. *See Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989). *See also Robbins v. Bentsen,* 41 F.3d 1195, 1199 (7th Cir.1994). The problem has arisen due to the dilatoriness of the appellants. They waited until the last day in the two-year statutory limitation period to file the action, and then waited another eight months to serve the appellee. The district court's judgment is AFFIRMED.