# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

No. 02-3944

SAMUEL H. MYLES,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

————————

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:02-CV-244-LJM—**Larry J. McKinney**, *Chief Judge.*

————————

ARGUED MARCH 2, 2005—DECIDED JULY 20, 2005

————————

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* While confined in the
federal prison at Terre Haute, Indiana, Samuel Myles was
beaten by other inmates. Contending that guards negli-
gently had failed to protect him, Myles sought compensa-
tion under the Federal Tort Claims Act. Rejecting his
application on October 22, 2001, the Bureau of Prisons told
Myles that, if he wanted to pursue this claim in court, he
had six months to file suit. See 28 U.S.C. §2401(b). Eleven
months later, Myles filed this suit. The district judge
screened the complaint under 28 U.S.C. §1915A and dis-
missed it as untimely.

With the help of able appellate counsel, Myles now concedes that this decision is correct. Nonetheless, he insists, the judge either should have treated the complaint as a constitutional claim against individual federal employees or should have allowed him to amend the pleadings to present such a claim. See *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The judge could not properly have deemed anyone other than the United States to be a defendant. The body of the complaint mentions several federal employees, but to make someone a party the plaintiff must specify him in the caption and arrange for service of process. See Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties"). Myles named the United States as the sole defendant and made no attempt to serve anyone else. He now invokes the principle that the pleadings of *pro se* plaintiffs should be liberally construed, but this doctrine concerns the substantive sufficiency of allegations and not preliminary steps such as identifying and serving defendants:

> While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines* v. *Kerner*, 404 U.S. 519 (1972); *Estelle* v. *Gamble*, 429 U.S. 97, 106 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston* v. *Lack*, 487 U.S. 266 (1988) (*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is

> the best guarantee of evenhanded administration of the law." *Mohasco Corp.* v. *Silver*, 447 U.S. 807, 826 (1980).

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (footnotes omitted). See also *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984).

Naming and serving defendants is vital. How can one defend without first becoming a party? See *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987). And a person must be made a party within the period of limitations; a plaintiff's errors do not justify exposing potential adversaries to open-ended risk of liability. Myles suffered his injury on December 19, 2000, and had two years to get a *Bivens* suit under way against individual federal employees. He filed the FTCA suit on September 16, 2002. Two months remained when the district judge dismissed the suit against the United States on October 15, 2002. Instead of amending the complaint to substitute individual employees as defendants, or filing a new suit under *Bivens*, Myles appealed and argued that his suit against the United States is timely. Not until counsel appeared on Myles's behalf in this court was there any suggestion that he wants to pursue federal employees individually—and by then the statute of limitations had expired.

Because the district judge dismissed the complaint before the United States filed an answer, Myles could have amended freely. The judge did not block him from amending the complaint and under Fed. R. Civ. P. 15(a) could not have done so had he wanted to. Myles's problem is not the judge's action but with his own inaction: he did not *seek* to amend the complaint.

In *Donald v. Cook County Sheriff's Department*, 95 F.3d 548 (7th Cir. 1996), on which Myles principally relies, the plaintiff tendered an amended complaint, which the district judge rejected as untimely; we held that, when a *pro se*

plaintiff has mentioned a potentially responsible person in the body of a complaint, and the conditions for relation back under Fed. R. Civ. P. 15(c) are satisfied, the judge should allow an amendment to make that person a party even if the plaintiff waits until after the suit has been dismissed. That case does not hold, however, that a district judge must tell the plaintiff that he *ought* to amend; even *pro se* litigants are masters of their own complaints and may choose who to sue—or not to sue. Fomenting litigation is not part of the judicial function. "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 124 S. Ct. 2441, 2446 (2004).

Suing an individual defendant can be hazardous to the plaintiff in ways that suing the United States is not. Federal employees may have qualified immunity, and the high standard of *scienter* under the eighth amendment, see *Farmer v. Brennan*, 511 U.S. 825 (1994), also makes it harder to state a good claim on the merits. A suit dismissed for failure to state a claim on which relief may be granted counts toward the limit of three suits *in forma pauperis* allowed to prisoners by 28 U.S.C. §1915(g), even if the claim is not frivolous. The statute of limitations is an affirmative defense, so Myles's unsuccessful claim against the United States is not a strike under this subsection, while a failed suit against prison administrators likely would be. And if the judge thinks that a given party was named in order to harass, then the court may order the revocation of a prisoner's good-time credits. 28 U.S.C. §1932.

The body of Myles's complaint mentioned the Regional Director of the Bureau of Prisons and other administrative officials who could not conceivably be held liable under the *Farmer* standard for intra-prison violence. Converting them from persons of interest in a negligence action under the FTCA to defendants in a *Bivens* suit would have exposed Myles to risks that he may not have wanted to accept. These risks—plus the fact that ours is an adversarial rather

than an inquisitorial system of justice—make it unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge. Because Myles never proposed to amend his complaint, the district judge had no decision to make. A non-decision in response to a non-proposal is non-erroneous and non-reversible. Because no amendment was tendered, we need not determine whether the requirements of relation back would have been satisfied. See *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466-68 (2000).

One peculiarity requires comment. Myles filed his complaint on a form drafted by the district court. Captioned "Civil Rights Complaint," it offers under the heading "Jurisdiction" two options, with the instruction: "CHECK ONE". One line reads: "42 U.S.C. §1983 (applies to state prisoners)". The other, which Myles checked, reads: "*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (applies to federal prisoners)". His appellate lawyers contend that, by checking this line, Myles demonstrated a desire to bring a *Bivens* action—which counsel say means a desire to sue every federal employee mentioned in the body of the complaint. That is not a plausible understanding. A separate portion of the form provides space to list the defendants and includes room for two sets of names and addresses, plus an invitation to add more on a separate sheet. Myles wrote "United States of America" on the line for the first defendant and left the second blank. Most likely Myles checked the *Bivens* option because of the parenthetical "applies to federal prisoners", which he is. Nothing in the "Jurisdiction" section of this form implies that it is unnecessary to complete the section marked "Parties".

That said, we wonder why the district court is distributing "Civil Rights Complaint" forms to prisoners who want to file under the FTCA. The local rules of the Southern District of Indiana require *pro se* plaintiffs to use prescribed

forms in suits under §1983, one provision of the Social Security Act, and all employment-discrimination statutes. S.D. Ind. Local Rule 8.1. (Whether mandatory forms are consistent with Fed. R. Civ. P. 8 is a subject we need not explore. See also Fed. R. Civ. P. 83(a)(1).) Claims under the FTCA, or for that matter *Bivens*, need not be on any form. If the clerk's office passes out optional forms, it should take care to match them to each prisoner's claim.

The form that Myles used appears in an appendix to the district court's *Pro Se Handbook* (Nov. 1, 1997). Unlike Local Rule 8.1, which distinguishes *Bivens* suits from §1983 claim, this form lumps them together. The Handbook does not append any forms adapted to other claims, such as those under the FTCA, implying that the single form should be used in all *pro se* suits. Yet listing §1983 and *Bivens* as if they were the only options for prisoners' civil suits is misleading. Section 1983 does not cover all state prisoners' claims; it deals instead with a subset of claims against state actors. (Even when the defendant is a state actor, sources of law other than §1983 may be applicable.) Nor does *Bivens* cover all federal prisoners' claims, even against federal employees.

What is more, the form has been drafted carelessly. The choices offered in the "Jurisdiction" section have nothing to do with jurisdiction. Neither §1983 nor *Bivens* creates federal-question jurisdiction, which rests on 28 U.S.C. §1331 instead. The "Jurisdiction" section mentions 28 U.S.C. §1343(a)(3)—an odd third option in a form that tells all plaintiffs to check one of the first two lines. Section 1343(a)(3) covers only civil rights claims against state actors and has had no legal effect since 1976, when Congress amended §1331 to eliminate any amount-in-controversy requirement. (The point of §1343(a)(3) had been to allow civil-rights suits without regard to the amount in controversy. See *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600 (1979).) This form needs a care-

ful revision, to separate substantive from jurisdictional issues, to identify §1331 as the appropriate jurisdictional provision for all claims arising under federal law, and to remind prisoners that many legal claims are not covered by either §1983 or *Bivens*.

None of this, however, affected Myles. Someone who gives even casual attention to the *Pro Se Handbook* will find Chapter III.D (pages 9-10), which tells plaintiffs directly that they must identify, in the caption of the complaint, every person they want to sue, and then in the body of the complaint state what each of these persons did and what relief the plaintiff seeks from each. Myles named the United States and said that he wants relief under the FTCA because the Bureau of Prisons rejected "Administrative Claim for Damages Claim #: TRT-NCR-2001-05772 $1,500,000.00 administrative claim for damages". Nothing in the form induced him to omit anyone else he wanted to sue. Because the glitches in this form did not lead Myles astray, they do not undermine the judgment dismissing his complaint—if poor language on a clerk's form ever could justify depriving potential defendants of their rights under the statute of limitations, which we doubt.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*