UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2006[*]
Decided November 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2810

| | |
|---|---|
| ELMO CASH,<br>      *Plaintiff-Appellant,*<br><br>      *v.*<br><br>MARION COUNTY JAIL,<br>      *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:05-CV-222-LJM-WTL<br><br>Larry J. McKinney,<br>*Chief Judge.* |

**ORDER**

Elmo Cash was housed for about nine months as a federal pretrial detainee at the Marion County Jail ("MCJ") in Indianapolis, Indiana. In February 2005, after he was convicted and moved to a federal prison, Mr. Cash filed a lawsuit under 42 U.S.C. § 1983 claiming that he received inadequate treatment for his heart condition at the MCJ and that, as a result, he suffered two heart attacks shortly after leaving the jail. He named the MCJ as the only defendant and did not

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

identify any medical personnel or jail staff who mistreated him. Because Mr. Cash had not sued a "person," the district court dismissed the complaint at the screening stage, *see* 28 U.S.C. § 1915A(a), (b)(1), but gave him leave to amend. Mr. Cash then filed a substantially similar complaint naming the "Marion County Sheriff's Department" as the sole defendant. The district court dismissed this amended complaint, too, and explained that any further complaint should name "a person subject to liability under § 1983."

In May 2005 Mr. Cash filed a second amended complaint. This time he named as defendants the State of Indiana, Marion County Sheriff Frank Anderson, and the "staff" of the MCJ. Mr. Cash alleges that, during the nine-month period he was housed at the MCJ, he "did not receive any needed medical care" despite a documented history of heart problems and high blood pressure. He says he repeatedly told his lawyer that he needed to see a doctor, but only after several months did he finally see a "Dr. Wood." Mr. Cash gave the doctor his medical records and a list of the prescription medications he was taking before arriving at the MCJ, and yet the doctor did not prescribe any medications or provide any other treatment. Mr. Cash alleges that he suffered severe chest pains and had difficulty breathing while at the MCJ. After his federal sentencing in May 2004, he was briefly housed at the federal prison in Terra Haute, Indiana, before being hospitalized and undergoing triple bypass surgery. Mr. Cash claims that the "staff" at the MCJ was "negligent in handling" his medical problems and, in particular, "denied him needed medications" in violation of the Eighth Amendment of the United States Constitution.

Once again the district court dismissed the complaint under § 1915A(b)(1). The court reasoned that neither the State of Indiana or the "staff" at the MCJ is a person subject to suit under § 1983. The court added that Sheriff Anderson could not be held liable under the doctrine of *respondeat superior*, but Mr. Cash does not allege that Anderson personally directed, participated in, or interfered with his medical care at the MCJ. The court denied Mr. Cash's motion for reconsideration under Federal Rule of Civil Procedure 59(e). Mr. Cash appeals.

In his appellate brief——a copy of his Rule 59(e) motion——Mr. Cash argues that his second amended complaint states a claim under the Eighth Amendment for deliberate indifference to his serious medical needs based on his allegations that the failure to dispense medication caused him to suffer pain and two heart attacks. We review the dismissal of a complaint under § 1915A(b)(1) *de novo*. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Taking as true Mr. Cash's allegation that members of the medical staff at the MCJ refused to treat his heart condition, the conduct he complains of could constitute an Eighth Amendment violation. First, he alleges that he was injured by an objectively serious deprivation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Walker v. Benjamin,* 293 F.3d 1030, 1040 (7th

Cir. 2002). He also alleges that those who failed to treat him did so with deliberate indifference to his serious medical needs. *See Farmer*, 511 U.S. at 836; *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810-11 (7th Cir. 2000). In short, but for the fact that it does not identify a proper defendant, the complaint would be sufficient to state a claim.

Nevertheless, the district court properly dismissed Mr. Cash's lawsuit. States and their departments are not "persons" that may be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1036 (7th Cir. 2006). Nor is the "staff" of the MCJ a person under § 1983. Moreover, for the reasons given by the district court, Mr. Cash's suit cannot proceed against Sheriff Anderson. Mr. Cash's complaint and his Rule 59(e) motion make evident that Anderson was not personally involved in Mr. Cash's medical care, and there is no *respondeat superior* liability under § 1983. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). The sheriff can be liable in his official capacity only if Mr. Cash was harmed as a result of some custom or policy, *see id.,* but nothing in the complaint even hints at such a policy.

We note that Mr. Cash identifies at least one possible defendant in the body of his second amended complaint. Mr. Cash alleges that he saw Dr. Wood and showed her medical records documenting his heart disease, but she took no action to treat his condition. Dr. Wood is not a named defendant, however, and we recently emphasized that even a *pro se* prisoner's complaint must comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the in title of the action. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). One cannot become a party without being named and served, and without becoming a party, one cannot defend. *See id.* at 552. And now the opportunity for Mr. Cash to amend his complaint yet again would do him no good. The two-year statute of limitations for a § 1983 claim arising in Indiana has run, *see Brademas v. Ind. Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir. 2004), and "[w]e have consistently held that Rule 15(c)(3) does not provide for relation back under circumstances . . . in which the plaintiff fails to identify the proper party," *King v. One Unknown Fed. Corr'l. Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Mr. Cash had three opportunities to name the defendants who deprived him of medical care, and he did not do so. We therefore AFFIRM the judgment of the district court.