NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 17, 2008[*]
Decided August 4, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-1089 | |
| | Appeal from the United States District Court for the Central District of Illinois. |
| GREGORY D. ROBINSON, *Plaintiff-Appellant*, | |
| *v.* | No. 06 C 1067 |
| OFFICER HINMAN, *Defendant-Appellee*. | Harold A. Baker, *Judge*. |

**O R D E R**

Gregory Robinson is a federal prisoner who filed a complaint alleging that Correctional Officer Hinman subjected him to cruel and unusual punishment by leaving him unsupervised for 30 minutes with three other inmates who attacked and beat him until he required emergency medical treatment. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Robinson continues to suffer from impaired vision, muscle

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

spasms, and numbness in his face as a result of the attack. The district court dismissed Robinson's complaint upon initial screening for failure to state a claim. *See* 28 U.S.C. § 1915A. We vacate and remand.

The procedural history of this case is troubling. On March 3, 2006, before filing his complaint, Robinson filed a "Petition to preserve documentary evidence before the commencement of a civil action" in which he asked the district court to order officials at the prison where he is incarcerated to preserve videotaped evidence of the attack. *See* FED. R. CIV. P. 27(a). Robinson explained that he intended to bring a claim under *Bivens* and the Federal Tort Claims Act, *see* 28 U.S.C. §§ 1346(b) & 2674, but was unable to file a lawsuit in federal court at that time because he was still exhausting his administrative remedies under the FTCA, *see* 28 U.S.C. § 2675(a). According to Robinson, the entire October 4, 2005 attack was recorded by the prison's security camera, but the tape was scheduled to be recycled pursuant to the prison's policy of storing such surveillance footage for only six months. Robinson also submitted a copy of a disciplinary report issued against him as a result of the fight.

The district court granted Robinson's petition and ordered prison staff to preserve the evidence. The district court also told Robinson on June 7, 2006, that he had only 21 days to file his complaint. If he did not file his complaint within that time, the court told him his petition to preserve evidence would be dismissed. The court's deadline ignored the statute of limitations; the two-year period for bringing a *Bivens* action would have extended at least until October 2007, *see, e.g.*, *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002), and Robinson had six months after the Bureau of Prisons denied his administrative claim (which the Bureau had not yet done) in which to file a tort action, *see* 28 U.S.C. § 2401(b); *McNeil v. United States*, 508 U.S. 106, 109 n.4 (1993).

On June 28, 2006, Robinson responded with a "Motion to hold suit in abeyance" and an attached complaint. His motion indicated that he wanted to bring a negligence claim but was still unable to do so because prison officials had "yet to respond or acknowledge receipt of [the] administrative claim" under the FTCA. As a result, Robinson advised the court that he was "skeptical about submitting this complaint." Robinson also reminded the court that the statute of limitations on his *Bivens* claim was two years and asked the court to hold his entire suit in abeyance until his administrative case was resolved in the prison system and he was able to amend his complaint to add the negligence claim. The court denied Robinson's motion and dismissed his complaint.

Our review of a dismissal under § 1915A for failure to state a claim is de novo. *Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005). The district court's directive and Robinson's response suggest that Robinson filed his *Bivens* complaint only as a placeholder, in response to the court's sua sponte deadline, because he feared the district court would permit prison officials to destroy the evidence he needed to pursue his intended claim, a negligence action under the FTCA. In effect, Robinson wanted all along to bring a negligence suit but was forced into bringing a potentially frivolous *Bivens* action because his FTCA claim would have been premature. *See McNeil*, 508 U.S. at 109.

We conclude that the district court erred when it required Robinson to file a complaint within 21 days, effectively moving up the statute of limitations and creating an impossible situation for a prisoner who was dependent on the prison-review system for proper exhaustion. Robinson's petition to preserve evidence was an entirely legitimate request given the circumstances, *see Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 440 (7th Cir. 1994); *Deiulemar Compagnia di Navigazione v. M/V Allegra*, 198 F.3d 473, 484 (4th Cir. 1999), and his decision to invoke Rule 27 did not give the district court authority to then compel Robinson to file his planned lawsuit prematurely. We therefore VACATE the order dismissing Robinson's complaint and REMAND for further proceedings consistent with this order. The district court shall permit Robinson to amend his complaint to flesh out the allegations of his *Bivens* claim and, if feasible at this time, to add his FTCA claim. The district court shall also ensure that prison officials do not destroy the videotaped evidence until both the constitutional and statutory claims have been fully litigated.