**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2009[*]
Decided July 22, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3161

| | |
|---|---|
| PAUL HODGE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana. |
| | |
| *v.* | No. 1:05-cv-1776-DFH-TAB |
| | |
| DAVID PARKER, | David F. Hamilton, |
| *Defendant-Appellee.* | *Chief Judge.* |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Paul Hodge, a federal prisoner, was attacked by a fellow inmate on November 26, 2003. Nearly two years later, on November 23, 2005, Hodge brought an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), claiming that David Parker, a prison official, violated his Eighth Amendment rights by failing to protect him from the attack.

In January 2008 Hodge sought to add additional defendants to the suit under Federal Rule of Civil Procedure 19. The district court granted the motion and allowed Hodge to amend his complaint to set forth any claims he might have against all intended defendants. After filing his amended complaint, Hodge filed two additional motions to join defendants under Rule 19; the court denied both motions as futile and premature.

The court then screened Hodge's amended complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim because the suit was time-barred. The court explained that a *Bivens* claim brought in the state of Indiana is subject to the state's two-year statute of limitations, *see, e.g.*, *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000), and that Hodges's claims against the newly-added defendants had not been timely asserted. The court further found that the claim against the newly-added defendants did not "relate back" under Federal Rule of Civil Procedure 15(c) to the filing of the original complaint because they were not "chargeable with knowledge" of Hodge's failure to name the proper party. Shortly thereafter the court granted summary judgment to Parker.

On appeal Hodge argues that the delay should be excused because Parker and other prison authorities prevented him from identifying the putative new defendants. But he provides no evidence for his claim that the prison withheld files from him or otherwise refused to comply with any request for information. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 343 (7th Cir. 1996). Under these circumstances, Hodges cannot show that the district court abused its discretion in finding that he did not exercise the due diligence required to establish equitable tolling. *See Myles*, 416 F.3d at 552; *Delgado-Brunet*, 93 F.3d at 343.

This leaves only the possibility, rejected by the district court, that Hodge's amended complaint related back to the filing date of the original complaint. *See* FED. R. CIV. P. 15(c). But Hodge did not mistakenly sue the wrong party. *See, e.g.*, *King*, 201 F.3d at 914. Nor did he allege that the putative new parties were on notice of the original suit, as required by Rule 15(c). As we have held, Rule 15(c) does not apply where the defendant fails to identify the proper party. *See O'Brien v. Ind. Dep't of Corr.* ex rel. *Turner*, 495 F.3d 505, 507-08 (7th Cir. 2007); *Myles*, 416 F.3d at 552-53; *Delgado-Brunet*, 93 F.3d at 343-44. Relatedly,

Hodge's attempt to circumvent the statute of limitations by invoking the joinder provisions of Federal Rule of Civil Procedure 19 also fails.  *See Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1408 (11th Cir. 1998).

**AFFIRMED**.