NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2012[*]
Decided December 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 11-3187

| | |
|---|---|
| GREGORY D. ROBINSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06-1067 |
| TIM HINMAN, *Defendant-Appellee.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Gregory Robinson, a federal prisoner, appeals the grant of summary judgment against him in this *Bivens* action claiming that a prison guard acted with deliberate indifference by leaving him unsupervised for 45 minutes to one hour with three other inmates, who attacked and beat him until he required emergency medical treatment. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

We recount the factual allegations in the light most favorable to Robinson. *See King v. Kramer*, 680 F.3d 1013, 1015 (7th Cir. 2012). One morning in 2005, Tim Hinman, a prison guard, left the area near Robinson's housing unit unattended for up to one hour. During that time the prisoners moved freely within the unit, and three inmates attacked Robinson with improvised weapons (padlocks in a sock) and kicked him with steel-toed boots. After a few minutes, they quit. Robinson picked himself off the floor, armed himself with a broomstick, and went to ice his wounds. The three inmates assaulted him again near the ice machine and resumed their attack after he returned to his cell. About an hour after the attacks ended, several prison guards, including Hinman, learned of a possible fight among the inmates and searched the cells. They found Robinson in his cell and took him to the local hospital to receive emergency medical care for his injuries.

Robinson filed a motion in district court to preserve video surveillance of the attacks. The district court granted the motion, but imposed a 21-day time limit on Robinson for filing his complaint. Because the time limit effectively moved up the statute of limitations on Robinson's *Bivens* action, we vacated and remanded to allow him to file a new complaint. *Robinson v. Hinman*, 295 F. App'x 59, 60–61 (7th Cir. 2008).

Robinson amended his complaint to allege that Hinman was deliberately indifferent to his health and safety by allowing the attacks to occur and then, after the attack, by leaving him to languish in pain. At screening Judge Baker dismissed the claim of deliberate indifference due to delayed medical care because Robinson had not alleged that Hinman was aware of his injuries from the attacks. *See* 28 U.S.C. § 1915A(b)(1).

Discovery ensued, though the only evidence admitted was an affidavit from Hinman, asserting that he was absent from the housing unit because he had to go to the unit's entrance to let in the morning work crews as part of his daily routine. Judge Mihm, to whom the case had been reassigned, then granted Hinman's motion for summary judgment on the failure-to-protect claim because Robinson did not demonstrate that Hinman knew of a substantial risk of serious harm.

On appeal, Robinson challenges the dismissal of his failure-to-treat claim by renewing his argument that he did not receive medical care until one hour after the attack due to Hinman's absence from the housing area. Robinson acknowledges that prison officials provided medical care immediately after finding him in his cell, but argues that they would have provided care sooner if Hinman had checked the cell sooner. The district court properly dismissed this claim, however, because Robinson's allegations show that Hinman provided access to medical care as soon as he became aware of a fight among the inmates. *See Gomez v.*

*Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Robinson also challenges the grant of summary judgment on the claim that Hinman acted with deliberate indifference to a substantial risk of inmate-on-inmate violence. According to Robinson, Hinman should have been aware of the inherent dangers of leaving prisoners unsupervised. But Robinson must show that his prison conditions posed "a substantial risk of serious harm" and that Hinman acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011); *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). Robinson failed to do so here because his argument relies entirely on the general risk of violence faced by every prisoner. This generalized risk is not enough to show a violation of the Eighth Amendment. *See Shields*, 664 F.3d at 181; *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Finally, Robinson argues that the district court erred by denying his motion to compel discovery of documents describing the Bureau of Prisons' inmate-supervision policy, and he contends that this information was critical to his claim of deliberate indifference. The district court had denied the motion because Robinson did not show that he actually sent Hinman this discovery request. Robinson's argument fails because he has not demonstrated that the judge's decision caused him "actual and substantial prejudice." *See Walker v. Sheahan*, 526 F.3d 973, 977–78 (7th Cir. 2008) (quoting *Reynolds v. Jamison*, 488 F.3d 756, 761 (7th Cir. 2007)). He does not even suggest how the Bureau's inmate-supervision policy would have shown that Hinman knew of a risk of harm to him. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 649 (7th Cir. 2011); *Walker v. Mueller Indus., Inc.*, 408 F.3d 328, 334 (7th Cir. 2005).

AFFIRMED.