| NONPRECEDENTIAL DISPOSITION |
|---|
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020*
Decided January 9, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1416

| | |
|---|---|
| JAMES OWENS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | Nos. 3:15-cv-1169-MJR-SCW |
| *v.* | |
| STEPHEN DUNCAN, et al., | Michael J. Reagan, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

In these consolidated suits under 42 U.S.C. § 1983, James Owens, an Illinois inmate, brings two sets of claims about his medical care. First, he argues that prison officials violated the Eighth Amendment by not adequately treating his sinus headaches and other pain-related conditions. He also argues that they violated the First Amendment by withholding treatment to retaliate for a prior suit. The district court

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

entered judgment for the defendants, correctly concluding that no evidence showed that they recklessly ignored Owens's medical needs or retaliated. Thus, we affirm.

## Background

Owens was an inmate at Lawrence Correctional Center with several medical problems. In this suit he focuses on his sinus headaches, arthritis, and pain in his hip and back between 2014 and 2015, but the prison's medical staff also treated him for dermatitis, hearing loss, hemorrhoids, vitamin deficiencies, a gastrointestinal infection, and warts. In February 2014, Dr. John Coe prescribed that Owens take an antihistamine (Chlor-Trimeton) four times daily for his sinus condition, and naproxen, a nonsteroidal anti-inflammatory drug, for arthritis and pain. Later that spring, Owens asked the staff for more drugs. When they did not prescribe the drugs, he sued them. He also asserted that his medical records incorrectly state the dates on which he received his prescribed supplies of antihistamine and naproxen.

A year later, in June 2015, Owens received his final refill of his antihistamine prescription. He asked Dr. Coe to renew that prescription the next day, but Dr. Coe declined because Owens had just received more than 100 tablets of the drug. Over the next few months, Owens saw Lynn Phillippe, a nurse practitioner, and other staff for his other medical issues. At these visits, he asked NP Phillippe for a new prescription for his antihistamine. She replied that, when he was seeing her for other medical issues, she could not give him the antihistamine unless he faced an emergency, and he was not in "distress." (Owens says he also asked unnamed people to set up a visit for his antihistamine request, but they did not.) Later that fall, when Owens saw NP Phillippe for a bacterial infection, she supplied him with a different antihistamine, Claritin, for his sinuses. Owens received a new prescription for his preferred antihistamine the following spring.

Owens sued prison officials again, and the district court consolidated his two suits. It dismissed damages claims against the assistant warden (because she was not a named defendant), the warden, and a pharmacy technician (against whom Owens had made no allegations). After the remaining defendants moved for summary judgment, Owens asked to amend his complaint to advance allegations against the technician and to add the director of nursing, but the district court denied his request as tardy. Owens also moved for counsel, but the court denied that request because he had not shown a reasonable attempt to obtain counsel on his own. Later, the district judge entered

summary judgment for the defendants, concluding that no evidence showed that any defendant deliberately ignored Owens's medical needs or retaliated against him.

## Analysis

Owens first argues that the district judge erred by dismissing the assistant warden, the warden, and pharmacy technician. We review those dismissals de novo, *Conover v. Lein*, 87 F.3d 905, 906 (7th Cir. 1996), and conclude that the judge rightly dismissed these defendants. We begin with the assistant warden. Pro se litigants must name the defendants whom they intend to sue. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005). But Owens did not name the assistant warden in the caption or the list of the parties, and he did not propose to do so in an amended complaint, so the district court permissibly dismissed her from the case. The dismissal of damages claims against the warden was also proper because Owens confirmed in his deposition, and on appeal, that he seeks only injunctive relief from the warden. See *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). Finally, in his operative complaint, Owens failed to allege any facts specific to the pharmacy technician, so that dismissal was also proper.

Regarding the pharmacy technician, Owens responds that he tried to allege facts against the technician (and the director of nursing) in a proposed amended complaint that he asked to file after the defendants moved for summary judgment. We review the court's denial of that request for abuse of discretion. See *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015). Owens proposed his amendment a year after the court's deadline to amend pleadings, and after the close of discovery. District courts may reasonably enforce these scheduling orders, *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004), and Owens offers no reason why he could not have amended sooner. Also, his request came after the defendants moved for summary judgment. A pro se plaintiff may not in summary judgment briefs raise new claims, see *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012), and so a court, in its discretion, may forbid a plaintiff from proposing an untimely new complaint during briefing on summary judgment. A district court also may choose to allow late amendments such as the one Owens requested, but Owens was not *entitled* to amend his complaint at this stage.

Next, Owens contends that the court wrongly denied his motion to recruit counsel, a ruling that we also review for abuse of discretion. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Owens needed to show "a reasonable attempt to obtain counsel," *id*. at 938, to help the court navigate the "sea of people lacking counsel." *Olson*

*v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). He told the court that he had contacted four attorneys, but he did not list their names or addresses. Without that information, the court could not evaluate his assertion that he had tried to contact them. When he still refused to supply that information after the court gave him another chance to do so, the court permissibly denied his request for counsel.

Owens next challenges the entry of summary judgment on his Eighth Amendment claims. We review that decision de novo. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive summary judgment on a claim that medical care violated the Eighth Amendment, the plaintiff must furnish evidence of an "objectively serious medical condition" and that defendants were "deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). We focus on the subjective part of this claim.

The district court properly ruled that no reasonable jury could find that either Dr. Coe or NP Phillippe was deliberately indifferent to Owens's medical needs. The only medical request that Dr. Coe declined was Owens's request for a refill of his antihistamine prescription in June 2015. But Dr. Coe reasonably declined that request because he had just given Owens more than 100 pills—enough for a month. Regarding NP Phillippe, Owens argues that she culpably refused to discuss his request for Chlor-Trimeton, his preferred antihistamine, when he visited her for other medical issues and later prescribed Claritin instead of Chlor-Trimeton. But she cannot be held liable for that response. When NP Phillippe focused only on the medical conditions for which Owens had made an appointment, she was not recklessly disregarding a serious need for an antihistamine because Owens was not in "distress" from his sinuses. And Owens cites no evidence to contradict her perception. Likewise, her decision to offer him Claritin does not reflect deliberate indifference. Although Owens says that Claritin was ineffective for his sinus issues, no evidence suggests that NP Phillippe knew that Claritin would not help him. Her decision to offer him Claritin was based on her medical judgment; it did not reflect deliberate indifference.

Owens next argues that the district court erred in dismissing his deliberate-indifference claims against other members of the medical staff. First, Owens contends that a health unit employee who dispensed antihistamine and naproxen pills to Owens once should have kept dispensing those pills to him. But no evidence suggests that this health unit employee knew whether Owens was scheduled to keep receiving the drug. So this claim fails. Second, Owens asserts that two nurses did not bring him his naproxen on dates that his medical records list. But even if we assume

that Owens did not receive this drug on the dates that he says, he furnishes no evidence that the nurses knew that, by not delivering it on those dates, he would suffer seriously. Thus, these claims fail, too.

That brings us to Owens's claims that Dr. Coe and NP Phillippe violated the First Amendment by refusing to renew his antihistamine prescription after he sued prison officials in 2014. To survive summary judgment on this claim, Owens had to supply evidence that his suit was "at least a motivating factor" for their refusal. See *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008). But their refusal occurred more than a year after he filed his suit in 2014. This large gap in timing is, by itself, not suspicious. See *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012). And no other circumstantial evidence permits an inference of retaliation: It is undisputed that, between 2014 and 2015, Dr. Coe and NP Phillippe treated Owens repeatedly for his many other conditions, and they both supplied him with antihistamines in 2015 for his sinus headaches. This pattern of treatment is inconsistent with any notion of retaliation.

We address one final issue. The district court dismissed unnamed defendants— prison staff whose identities were unknown to Owens and whom Owens blames for not scheduling healthcare visits for him to request a refill of his antihistamine prescription. The court reasoned that Owens did not identify these defendants within the 90 days allotted by the court's scheduling order. This discretionary ruling, see *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997), was permissible. Owens had ample opportunity to conduct discovery, and yet he failed to use it to uncover their identities. Because Owens failed to make a reasonable effort to discover those parties, the court did not abuse its discretion in dismissing them.

We have considered Owens's remaining arguments, and none has merit.

AFFIRMED