*Butler v. VT DOC*, No. 396-9-19 Wnsc (Tomasi, J., Feb. 19, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 396-9-19 Wnsc |
|---|---|
| Brian Butler,<br>      Plaintiff<br><br>      v.<br><br>VT DOC,<br>      Defendant | |

Opinion and Order on Defendant's Motion to Dismiss

Plaintiff is a prisoner under the custody of the Department of Corrections (DOC).  He  brings this action asserting the Defendant DOC is liable to him for loss or damage to his personal property.  He maintains that the injury occurred in connection with Defendant's decision to move him to an out-of-state facility.  In response, the Defendant has moved to dismiss based on sovereign immunity. Plaintiff has opposed the motion.  The Court makes the following determinations.

1.      Defendant May File the Motion

Under V.R.S.C.P. 4, there is only a limited ability to file motions.  One possible motion is a motion to dismiss based on lack of subject matter jurisdiction. At least as regards common-law torts, the Court concludes that a claim of sovereign immunity is properly a matter of jurisdiction.  First, the Vermont Supreme Court has held that the Vermont Tort Claims Act (VTCA) acts as a waiver of the State's sovereign immunity and has indicated that such a waiver is a prerequisite to this

Court's jurisdiction over such claims. *City of S. Burlington v. Dep't of Corr.*, 171 Vt. 587, 590 (2000) (requiring preservation "of jurisdictional issues such as sovereign immunity"); *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 485 (1993) (VTCA waiver is similar to "jurisdictional provision" of the Federal Tort Claims Act (FTCA)); *but cf. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ*, 466 F.3d 232, 237–39 (2d Cir. 2006) (discussing whether Eleventh Amendment immunity is jurisdictional).

As to the FTCA, upon which the VTCA is based, *Denis Bail Bonds, Inc.*, 159 Vt. at 485, federal law is clear that establishing a valid waiver of sovereign immunity is needed to establish subject matter jurisdiction. *See, e.g., King v. United States*, 917 F.3d 409, 418 (6th Cir. 2019) ("Sovereign immunity is jurisdictional in nature.").

Indeed, such a result makes sense. Immunity provides a protection against being haled into court. As with qualified immunity, sovereign immunity "is an immunity from suit rather than a mere defense to liability." *Billado v. Appel*, 165 Vt. 482, 498 (1996). If the sovereign is not allowed to raise immunity at the outset of a case, that protection is lost or, at least, diminished. *See Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000) (Sovereign immunity is "an immunity from trial and the attendant burdens of litigation . . . . [And] the court must [determine] its own jurisdiction as early in the litigation as possible." (internal quotations omitted)).

Accordingly, Defendants may raise sovereign immunity under V.R.S.C.P. 4.

II.     Sovereign Immunity: The Proper Defendant

2

Under the VTCA, the State has waived sovereign immunity and allowed itself to be sued for the torts allegedly committed by its employees. *See* 12 V.S.A. §§ 5601–06. Per the VTCA, however, the proper defendant in such an action is the State itself, not its subdivisions or state employees.

The DOC is not a proper party in an action under the VTCA. The language of the statute specifically notes that claims may be made against "the State." *Id.* § 5601. *See id.* § 5603 (VTCA's exclusive right of action is against "the State"). Further, as noted above, the VTCA is "modeled" after the FTCA, *Andrew v. State*, 165 Vt. 252, 258 (1996), and Vermont often finds instructive decisions interpreting the VTCA's federal counterpart, *Lane v. State*, 174 Vt. 219, 224 (2002). Numerous federal courts have concluded that federal agencies, in their own names, are not proper defendants under the FTCA. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) ("federal agency cannot be sued 'in its own name'" if FTCA applies); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("only proper defendant in an FTCA action is the United States"); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) (United States "is the only proper defendant in an FTCA case"); *Clark Cty. Bancorporation v. United States Dep't of Treasury*, No. CV 13-632 (JEB), 2014 WL 5140004, at \*10 (D.D.C. Sept. 19, 2014) ("only the United States may be named as a defendant in an FTCA action"). The Court finds those decisions persuasive.

Accordingly, the Court concludes that Plaintiff has named an improper defendant in this action. That defect, though technical, cannot be remedied by the Court. The Court lacks the authority to name a new defendant in this action. *See*

3

*Myles v. U.S.*, 416 F.3d 551, 553 (7th Cir. 2005) (It is "unacceptable for a court to add litigants on its own motion.").[1]

III.     Sovereign Immunity: Private Analog

The State argues that Plaintiff's claims must also be dismissed because there is no "private analog" for his claims. As noted by the State, the VTCA is directed at "common law torts" and that governmental functions that have no counterpart in the non-governmental world do not fall within the VTCA's wavier. *Denis Bail Bonds, Inc.*, 159 Vt. at 498. The State argues that all of Plaintiff's claims must be dismissed because they challenge the "decision making" that surrounded his transfer to an out-of-state institution and that he lacks standing because he has suffered no "injury." The Court disagrees, at least in part.

The Plaintiff's complaint alleges that he had personal property, that Defendant had some responsibility for it, and that, through Defendant's negligence, some portion of the property was lost or destroyed or delayed in arriving to Plaintiff. The Court cannot discern the full extent of the claim at this early stage, whether the issues were properly grieved, or whether they ultimately would satisfy the injury-in-fact needed to establish standing. But, at this early point, the allegations are sufficient to state a claim that meets the private analog requirement.[2]

---

[1] To the extent Plaintiff seeks to bring this action under the provisions of 32 V.S.A. § 932, the result would be the same. That waiver of sovereign immunity also allows persons to bring claims against "the State." *Id.* The Court believes Section 932 also requires a party to sue "the State" in order to fall within its waiver provisions.

[2] Plaintiff's opposition suggests that he may also be seeking to bring some type of constitutional action. The Court sees no basis for that assertion in the complaint, which purports to raise only a standard tort action for monetary relief.

4

The Court agrees with the State, however, to the extent Plaintiff seeks to challenge the governmental *decision* to transfer him out of state and the process created for that transfer. If such matters are cognizable at all, it would be through an action under Vt. R. Civ. P. 75 in the Civil Division. Such a claim is beyond the limited and strictly financial jurisdiction of the Small Claims Court. That claim is dismissed.

Accordingly, other than the claim noted in the preceding paragraph, the Court concludes that Plaintiff's claims may not be dismissed at the threshold.

IV. <u>Remedy</u>

Since the Court has concluded that Plaintiff has named an improper defendant but that his claims are not otherwise futile or meritless, he should be allowed to amend his complaint to name the State. Further, while Plaintiff named the wrong party, the Court acknowledges both the near unanimity of interests between the current Defendant and the appearance of the Vermont Attorney General in this action.

Accordingly, Plaintiff will be allowed to amend his complaint to name the correct party within 30 days. Further, he will be permitted to serve the amended complaint on the Attorney General through the mail under Vt. R. Civ. P. 5, rather than through Rule 4.

WHEREFORE, Defendant's motion to dismiss is granted, in part, and denied, in part. Plaintiff may amend the complaint within 30 days.

Electronically signed on February 18, 2020 at 03:09 PM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge